IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DIVISION

PLAINTIFFS

V.                                          NO.

DEFENDANTS

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

Now that you have heard all of the evidence and the argument of counsel, it

becomes my duty to give you the instructions of the court concerning the law applicable

to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that

law to the facts as you find them from the evidence in the case. You are not to single out

one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice. [A defendant such as _____ is entitled to the same fair and unprejudiced treatment as an individual would be under like circumstances, and you should decide this case with the same impartiality which you would use in deciding a case between individuals.]

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are

not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is evidence that tends to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of the evidence. You may consider both kinds of evidence.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider his relationship to the plaintiff or to the defendant; his interest, if any, in

the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; the witnesses candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witnesses' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The burden is on the Plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a

"preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**TAMISHA PEGUES**                                                    **PLAINTIFF**

**VS.**                                       **CAUSE NO. 3:15-CV-00121-MPM-JMV**

**MISSISSIPPI VETERANS AFFAIRS BOARD**                  **DEFENDANT**

### JURY INSTRUCTION NO. 1

Plaintiff Tamisha Pegues claims that Defendant Mississippi State Veterans Home violated the Rehabilitation Act of 1973 by discriminating against her because she had a disability by terminating her employment.

The Veterans Home denies Pegues' claims and contends that she was terminated because she refused to perform the work that was assigned to her after she was placed on light duty by her physician.

It is unlawful for an employer to discriminate against an employee because of the employee's disability. Unlawful discrimination can include terminating the employment of a qualified individual with a disability.

The parties have stipulated to the following:

1. Pegues had a ruptured disc;

2. Such ruptured disc substantially limited her ability to perform physical tasks and thus constituted a disability.

3. The Veterans Home knew Pegues had a disability;

4.    The Veterans Home terminated the employment of Pegues;

Therefore, to succeed on her claim for violation of the Rehabilitation Act based upon the termination of her employment, Pegues must prove each of the following by a preponderance of the evidence:

5.    Pegues was a qualified individual who could have performed the essential functions of the position of Direct Care Worker when the Veterans Home terminated her employment; and

6.    The Veterans Home terminated the employment of Pegues because of her disability. Pegues does not have to prove that her disability was the only reason the Veterans Home terminated her employment.

If Pegues has failed to prove any of these elements, then your verdict must be for the Veterans Home.

Fifth Circuit Pattern Jury Instruction 11.8

## JURY INSTRUCTION NO. 2

Plaintiff Tamisha Pegues claims that the Mississippi Veterans Home failed to reasonably accommodate her disability in violation of the Rehabilitation Act. The Veterans Home denies Pegues' claims and contends Pegues was not a "qualified individual" and that the Veterans Home could not reasonably accommodate her disability.

The law requires an employer to make reasonable accommodations for an employee's disability.  Once again, the parties have stipulated to the following:

1.   Pegues had a ruptured disc;

2.   Such a ruptured disc substantially limited Pegues' ability to perform physical tasks and thus constituted a disability;

3.   The Veterans Home knew of Pegues' disability;

Therefore, to succeed in this case, Pegues must prove each of the following by a preponderance of the evidence:

4.   Pegues could have performed the essential functions of the position of Direct Care Worker when the Veterans Home terminated her employment if she had been provided with strictly light duty assignments;

5.   Pegues requested an accommodation, namely strictly light duty assignments.

6.   Providing this accommodation would have been reasonable; and

7.   The Veterans Home failed to provide such reasonable accommodation.

A "qualified individual" is one who, with or without reasonable accommodations, can perform the essential functions of the job. The term "essential functions" means the fundamental job duties of the employment position Pegues held at the Veterans Home. The term does not include the marginal functions of the position.

In determining whether a job function is essential, you should consider the following factors: the employer's judgment as to which functions are essential; written job descriptions; the amount of time spent on the job performing the function; the consequences of not requiring the person to perform the function; the terms of a collective bargaining agreement; the work experience of persons who have held the job; the current work experience of persons in similar jobs; whether the reason the position exists is to perform the function; whether there are a limited number of employees available among whom the performance of the function is to be distributed; whether the function is highly specialized and the individual in the position was hired for her expertise or ability to perform the function. You may also consider other factors.

The term "accommodation" means making modifications to the work place that allow a person with a disability to perform the essential functions of the job, to attain the level of performance available to similarly situated employees who are not disabled, or to enjoy equal benefits and privileges of employment as are enjoyed by similarly situated employees who are not disabled.

A "reasonable" accommodation is one that could reasonably be made under the circumstances. It may include, but is not limited to: (a) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; or (b) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials, or policies, the provision of qualified readers or interpreters and other similar accommodations for individuals with disabilities. There may be other reasonable accommodations.

The Veterans Home claims that Pegues' requested accommodation would have imposed an undue hardship on it. An employer need not provide a reasonable accommodation to the known limitations of a qualified employee or applicant if the employer proves that the accommodation would impose an undue hardship on its business operations. The employer has the burden of proving by a preponderance of the evidence that the accommodation would have imposed an undue hardship.

An "undue hardship" is an action requiring the employer to incur significant difficulty or expense. Factors to be considered in determining whether the assignment of strictly light duty work to Pegues would cause an undue hardship include: (a) the nature and cost of the accommodation; (b) the overall financial resources of Veterans Home involved in the accommodation, the number of persons employed there, the effect on expenses and resources, or the impact otherwise on the Veterans Home's operation; (c)

the overall financial resources of the employer, the overall size of the business with respect to the number of employees, and the number, type, and location of its facilities; and (d) the type of operation of the employer, including the composition, structure, and functions of the workforce, the impact of the assignment of strictly light duty work to Pegues on the operation of the Veterans Home, including the impact on the ability of other employees to perform their duties, and any other relevant factors supported by the evidence.


Fifth Circuit Pattern Jury Instruction 11.10

## JURY INSTRUCTION NO. 3

If you find that the Mississippi Veterans Home failed to reasonably accommodate Pegues' disability and instead terminated her on the basis of that disability, then you must find for her against the Veterans Home unless it proves by a preponderance of the evidence that requiring its Direct Care Workers to engage in medium to heavy duty work was a business necessity. Business necessity is a defense to certain discrimination claims under the Rehabilitation Act.

To establish this defense, the Veterans Home must prove by a preponderance of the evidence that its application of qualification standards, tests, selection criteria, or policies that have the effect of screening out or otherwise denying a job or benefit to individuals with who can only perform light duty work was:

1.     uniformly applied;

2.     job-related for the position in question;

3.     consistent with business necessity; and

4.     cannot be met by a person who can only perform light duty work, even with a reasonable accommodation.

Fifth Circuit Pattern Jury Instruction 11.12

## JURY INSTRUCTION NO. 4

If you found that the Mississippi Veterans Home violated the Rehabilitation Act, then you must determine whether it has caused Tamisha Pegues damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Pegues has proved liability.

Pegues must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Pegues need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay Pegues would have earned in her employment with the Mississippi Veterans Home if she had not been terminated from the date of her termination (April 2, 2014) to the date of your verdict, minus the amount of earnings and benefits that Pegues received from employment during that time; (2) the amount of other damages sustained by Pegues, including pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Back pay includes the amounts the evidence shows Pegues would have earned had she remained an employee of the Mississippi Veterans Home. These amounts include wages or salary and any benefits that would have been available to Pegues. You must subtract the amounts of earnings and benefits that the Mississippi Veterans Home proves by a preponderance of the evidence Pegues received during the period in question.

Fifth Circuit Pattern Jury Instruction 11.14

## JURY INSTRUCTION NO. 5

The Court instructs the jury that in determining the amount of Pegues' damages, you may not reduce her damages by the amount of unemployment compensation she received.

*Guthrie v. J.C. Penney Co.*, 803 F.2d 202, 209 (5th Cir. 1986).

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe the Plaintiff should, or should not, prevail in this case.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching a verdict if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges--judges of the facts in this case. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your foreman or forewoman who will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

**[Explain verdict]**

You will take the verdict form to the jury room and when you have reached a unanimous agreement as to your verdict, you will have your foreman fill it in, date, and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.